THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHERMAN ADDISON et al., Defendants-Appellants.

First District (2nd Division)   Nos. 1—87—0568, 1—87—0712 cons.

Opinion filed September 29, 1992.

Rita A. Fry, Public Defender, of Chicago (Greg Koster, Assistant Public Defender, of counsel), for appellant Sherman Addison.

Julie L. Friedman, of Chicago, for appellant Annie Robinson.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Jane E. Loeb, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McCORMICK delivered the opinion of the court:

Defendants, Sherman Addison and Annie Robinson, were indicted for offenses against Helen Smith. Separate juries found them both guilty of murder, armed robbery, home invasion and residential burglary. Defendant Addison was sentenced to 70 years' imprisonment. Defendant Robinson was sentenced to natural life imprisonment. Both defendants appeal their convictions.

Defendant Robinson contends that she was not proved guilty beyond a reasonable doubt of armed robbery and murder and that the trial court erred in refusing to give a jury instruction on involuntary manslaughter. Defendant Addison contends that the trial court's denial of his motion for severance from another codefendant, Marina Brown, and the admission into evidence of Brown's confession at their joint trial violated his sixth amendment right to confrontation and Illinois evidentiary law.

We affirm Robinson's conviction because the evidence is sufficient to find her guilty beyond a reasonable doubt, and we find that the trial court properly refused to give an involuntary manslaughter instruction where there was insufficient evidence to establish that this defendant's conduct was unintentional or reckless. We reverse Addison's conviction for murder, because the trial court erred by denying Addison's motion to sever his trial from codefendant Brown and by allowing into evidence the confession of a nontestifying codefendant. We affirm Addison's convictions for home invasion, armed robbery

and residential burglary because we conclude that those convictions were unrelated to the admission of the confession of the nontestifying codefendant.

On February 20, 1985, friends of Helen Smith discovered her body in her home. The house had been ransacked. When Detective Richard Schak arrived at the victim's home, he found no signs of forced entry. He observed that the victim's body had a bra on, but it was pulled down around her waist. The victim had on a slip that was soaked with body fluids and what appeared to be blood. Schak also noticed that an elastic bandage was wrapped around the victim's legs and a scarf was tied around her upper body. The scarf was wrapped a few times around the victim's neck, going underneath her armpits to the back, and tied in a knot in the center of the back in a full Nelson pattern. There was blood coming from the victim's head and one of her ears. The detective also observed egg shells and a red substance on the victim's body. A can of red paint was found near the body. The detective found a small hunting knife in the porch area and a pipe about 12 feet from the body.

Larry Minniefield, who was Robinson's boyfriend, was arrested for shoplifting. He told police that he had information regarding a murder and that some items relating to the murder could be found in his home. Eventually, this information led to the arrest of Addison, Robinson and Brown. The three of them made statements regarding the home invasion, murder and robbery of the victim to the police and to an assistant State's Attorney.

Although their statements differed on some points, all three admitted most of the essential facts surrounding the crime.

All three stated that on February 16, 1985, Robinson, Addison and Brown went to the 69-year-old victim's home to rob her. Robinson gained entry by pretending that she was looking for Brown, who was known by the victim. Once the victim opened the door, Robinson, who was armed with a gun, pushed her way in. Addison and Brown followed. Robinson proceeded to beat the victim in the face with her fists and a paint brush. She then carried the victim to a chair. Robinson tied a scarf around the victim's neck, brought it under her arm and tied it in the back and then put the scarf around the doorknob. The victim's legs were also tied with a bandage. Addison and Brown ransacked the victim's home looking for money while Robinson continued to hit the victim.

Addison, Robinson and Brown all said that they found no money in the victim's home. However, they did find and take two television sets, an answering machine, credit cards, whiskey, a pair of underwear, a belt and a T-shirt. They checked on the victim before they left her home and

found that she had blood on her face and was quiet. Robinson had blood and paint on her clothes and Addison had blood on his boots.

Prior to trial, Brown moved for severance and the defendants joined in the motion. The trial court granted the motion as to Robinson, but denied the motion as to Brown and Addison. All three parties were tried simultaneously. Brown and Addison were tried by one jury while Robinson was tried by a separate jury. When the court allowed the State to present evidence admissible against only one defendant, the court excused the jury which was not to decide that person's case.

The medical examiner testified that the victim's death was caused by ligature strangulation and blunt head trauma. He also noticed a stab wound on the victim's left calf.

Minniefield testified that on February 16, 1985, Robinson appeared at his apartment with Addison and Brown. Robinson had teeth marks on her right hand and possessed a headset and a black coat with a lining. Addison and Brown both had pillowcases. He observed that they pulled liquor, jewelry, a pistol, an answering machine, a portable television, and a smaller television set from the pillowcases. Minniefield further testified that they changed their clothes and sorted through the items and stated that everything would have to be burned. According to Minniefield, Brown subsequently informed him that she had burned everything.

William Smith testified that in February of 1985, Addison, Robinson and Brown approached him about getting rid of some merchandise. Smith arranged for the sale of a gun, an answering machine and the two television sets. He received a $10 commission.

An assistant State's Attorney read Addison's and Brown's transcribed statements to the jury deciding their cases. After the court excused that jury and Robinson's jury returned, an assistant State's Attorney read Robinson's statement to Robinson's jury.

Robinson testified that Brown gave her the gun when they reached the victim's house. Once the victim opened the door, Robinson pushed her way in. The victim and Robinson struggled and fell to the floor. Eggs and a can of paint were knocked over. After they struggled, Addison helped Robinson put the victim in a chair and she tied the victim's arms. Robinson stated that she did not remember if she or Addison tied the victim's legs, but she knew that they were tied. Robinson further testified that she did not hit the victim with a pipe, nor did she stab her with a knife. She also stated that she never intended to kill the victim.

Robinson's jury found her guilty of murder. The jury for Addison and Brown found Addison guilty of murder and Brown not guilty of murder. Robinson, Addison and Brown were also found guilty of armed

robbery, home invasion and residential burglary. This court has considered Brown's separate appeal in *People v. Brown* (1989), 184 Ill. App. 3d 569, 540 N.E.2d 500. We now consider Robinson's and Addison's appeals.

Defendant Robinson initially contends that the State failed to prove her guilty of armed robbery beyond a reasonable doubt because she did not use or display the gun during the robbery. Section 18—2 of the Criminal Code of 1961 (Criminal Code) provides that "[a] person commits armed robbery when he or she violates Section 18—1 while he or she carries on or about his or her person or is otherwise armed with a dangerous weapon." (Ill. Rev. Stat. 1985, ch. 38, par. 18—2.) Section 18—1 of the Criminal Code provides that "[a] person commits robbery when he takes property from the person or presence of another by the use of force." Ill. Rev. Stat. 1985, ch. 38, par. 18—1.

The plain language of the Criminal Code states that an armed robbery occurs when a person carries or possesses a dangerous weapon during a robbery. The statute does not require that the dangerous weapon be displayed or used. *People v. Downey* (1987), 162 Ill. App. 3d 322, 333, 515 N.E.2d 362; accord *People v. Thomas* (1989), 189 Ill. App. 3d 365, 545 N.E.2d 289, 293.

■ In the case at bar, Robinson admits that she had a gun in her pocket when she entered the victim's home, that she participated in taking items out of the home and that she beat the victim. The possession of the gun under these circumstances, notwithstanding the fact that it is not displayed or used, falls within the purview of the statutory definition of armed robbery.

Robinson further contends that the State failed to prove that she was guilty of murder beyond a reasonable doubt because she did not intend to kill the victim. Section 9—1(a) of the Criminal Code provides:

"A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

(1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another; or

(3) He is attempting or committing a forcible felony other than voluntary manslaughter." Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a).

■ Under the facts of the case at bar, Robinson's intention with respect to killing the victim is irrelevant. Under section 9—1(a)(3), a defendant is guilty of murder when he or she kills a victim while com-

mitting a forcible felony. (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(3).) There is no statutory requirement of a specific intent to kill the victim. If the acts that cause death are committed during a forcible felony other than voluntary manslaughter, the necessary element of the crime is present.

The relevant question on review, when faced with a challenge to the sufficiency of the proof, is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Young* (1989), 128 Ill. 2d 1, 49, 538 N.E.2d 453.

■■ Robinson admits that she gained entry into the victim's home by deception, that she beat and restrained the victim and that she took the victim's property. These admissions far exceed the standard required to defeat a challenge to the sufficiency of the proof. A rational trier of fact, after viewing this evidence in the light most favorable to the prosecution, could find the essential elements of the crime of felony murder beyond a reasonable doubt. In fact, the same finding could be made where the evidence in the case at bar is viewed in the light most favorable to Robinson.

The jury had sufficient evidence to find Robinson guilty of murder beyond a reasonable doubt.

Finally, Robinson contends that the trial court's refusal to give the instruction she tendered on involuntary manslaughter was prejudicial error. Involuntary manslaughter is committed by one who "unintentionally kills an individual without lawful justification *** if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly." Ill. Rev. Stat. 1985, ch. 38, par. 9—3(a).

■■ In *People v. Ward* (1984), 101 Ill. 2d 443, 463 N.E.2d 696, the Illinois Supreme Court held that an involuntary manslaughter instruction should not be given where there is no evidence that would reduce the crime to manslaughter. (*Ward*, 101 Ill. 2d at 451.) In the instant case, there is no evidence to warrant the involuntary manslaughter instruction. After forcing her way into the victim's home and struggling with her, defendant restrained the victim by tying her up. Robinson then beat the 69-year-old woman with her fists and a paint brush as hard as she could. She also strangled the victim and then tied her to a doorknob. The vicious manner in which defendant attacked the victim negates any suggestion that she did not intend to harm her.

The case at bar is somewhat similar to *People v. Carter* (1988), 168 Ill. App. 3d 237, 522 N.E.2d 653. In *Carter*, the victim was beaten while restrained with handcuffs. In addressing defendants' claim that they did

not intend to kill the victim, the court stated that "[t]he severity of defendants' actions certainly gave them knowledge of the probability of death or great bodily harm, sufficient to constitute murder." (*Carter*, 168 Ill. App. 3d at 248.) The severity of the beating that defendant inflicted upon the victim negates any suggestion that defendant's conduct was only reckless. (See *People v. Fickett* (1990), 204 Ill. App. 3d 220, 231, 562 N.E.2d 238.) Based upon the evidence in the record, the trial court's refusal to give the requested instruction on involuntary manslaughter was proper.

Defendant Addison contends that the denial of his motion to sever and the admission into evidence of the nontestifying codefendant's confession at their joint trial violated his sixth amendment right to confrontation and Illinois evidentiary law. His motion to sever was based solely on codefendant Brown's statements. The trial court denied his motion, apparently relying on *Parker v. Randolph* (1979), 442 U.S. 62, 60 L. Ed. 2d 713, 99 S. Ct. 2132. However, *Parker* was overruled by *Cruz v. New York* (1987), 481 U.S. 186, 95 L. Ed. 2d 162, 107 S. Ct. 1714, where the Court held that in a joint trial, the pretrial confession of one codefendant that implicates another is not admissible unless the codefendant testifies and is subject to cross-examination. However, a codefendant's confession may be admissible if it has adequate indicia of reliability. *Cruz*, 481 U.S. at 194, 95 L. Ed. 2d at 172, 107 S. Ct. at 1719.

Reliability can be inferred if the evidence falls within an exception to the hearsay rule or if there is a showing of "particularized guarantees of trustworthiness." (*Ohio v. Roberts* (1980), 448 U.S. 56, 66, 65 L. Ed. 2d 597, 608, 100 S. Ct. 2531, 2539.) If the codefendant's confession corroborates defendant's confession, it is more likely to be true. (*Cruz*, 481 U.S. at 192, 95 L. Ed. 2d at 171, 107 S. Ct. at 1719.) However, a confession is not necessarily reliable because some of the facts stated interlock with the facts in a codefendant's statements. (*Lee v. Illinois* (1986), 476 U.S. 530, 546, 90 L. Ed. 2d 514, 529-30, 106 S. Ct. 2056, 2065.) A codefendant's confession is admissible if its account of defendant's participation in the crime is thoroughly substantiated by defendant's own confession. *Lee*, 476 U.S. at 546, 90 L. Ed. 2d at 530, 106 S. Ct. at 2065.

■ In the instant case, the trial court found that the statements sufficiently interlocked. However, we find that Brown's confession contradicts Addison's on significant points. Brown's confession stated that (1) Addison talked her into going ahead with the crime after she had expressed a wish to abandon it; (2) the three of them planned for Addison and Robinson to tie up the old lady; (3) Addison entered the victim's home right behind Robinson, and five minutes later when Brown entered the house, Robinson was straddling and beating the victim while

Addison "was messing" with her feet; and (4) Brown blamed Addison and Robinson for the victim's death. Addison's confession does not substantiate any of these statements. The discrepancies between Brown's and Addison's confessions are significant. The admission of Brown's confession into evidence against Addison violated Addison's sixth amendment right to confront the witnesses against him. *People v. Mac-Farland* (1992), 228 Ill. App. 3d 107, 118.

Under Illinois evidentiary law, codefendants' statements generally are inadmissible as hearsay against a defendant, unless defendant assented to the statements. (*People v. Collins* (1989), 184 Ill. App. 3d 321, 539 N.E.2d 736.) In *People v. Duncan* (1988), 124 Ill. 2d 400, 415, 530 N.E.2d 423, the court held that if an exception to the hearsay rule is not applicable, such statements are admissible only if limiting instructions are given and only if the statements make no reference to the codefendant.

Addison did not assent to Brown's statement. Brown's statement was not cleansed of all references to Addison. Therefore, it was error under Illinois evidentiary law to admit Brown's statement against her codefendant Addison.

The State argues that even if the trial court erroneously permitted the jury to consider Brown's statement against Addison, the error was harmless. In *Schneble v. Florida* (1972), 405 U.S. 427, 430, 31 L. Ed. 2d 340, 344, 92 S. Ct. 1056, 1059, the Supreme Court held that in some cases the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error. See *Brown*, 184 Ill. App. 3d at 574.

Addison was convicted of murder, armed robbery, home invasion and residential burglary on the theory of accountability. Addison confessed to going with Robinson and Brown to the victim's house to rob her. He checked to be sure that the victim was at home. He stated that Robinson had a gun and he saw Robinson beat and tie the victim up. Addison admitted that they took items from the victim's home. He was accountable for what happened based on his own statement.

Addison's statement was corroborated by other witnesses. Minniefield's and Smith's testimony regarding the gun and other items taken from the victim's home corroborated Addison's statement. Brown's confession corroborated Addison's statement that there was a plan to invade the victim's home to rob her and they carried it out.

However, Addison claims prejudice because he was convicted of murder, but Brown was not. He contends that he and Brown had equal

roles in planning and executing the home invasion and robbery. Absent Brown's confession, there would have been no evidence that Addison did anything other than search the victim's home. Although the evidence properly admitted against Addison amply supports his conviction for murder on the theory of accountability, the evidence against Brown was, in all material respects, identical to the evidence properly admitted against Addison. Where codefendants are tried on the same facts, the verdicts should be consistent. *People v. Beasley* (1976), 41 Ill. App. 3d 550, 555, 353 N.E.2d 699.

Here, the significant differences in the evidence presented against Brown and Addison came from Brown's statement which was improperly admitted against Addison. Because the jury reached different verdicts on the charge of murder against Addison and Brown, admitting Brown's statement into evidence against Addison cannot be considered harmless error beyond a reasonable doubt.

For the foregoing reasons, we affirm the judgment against Robinson and affirm Addison's convictions for home invasion, armed robbery and residential burglary. We reverse Addison's conviction for murder and remand for a retrial on that charge.

■ The trial court imposed a sentence of 70 years' imprisonment against Addison on the jury verdict finding him guilty of murder. The verdicts finding Addison guilty of home invasion, residential burglary, armed robbery and their respective sentences were merged with the sentence imposed in the murder conviction. In view of our reversal of Addison's conviction for murder and our affirmance of his convictions for home invasion, armed robbery and residential burglary, we direct the circuit court to sentence Addison on the affirmed convictions.

No. 1—87—0568, Affirmed in part; reversed in part and remanded with directions.

No. 1—87—0712, Affirmed.

SCARIANO and DiVITO, JJ., concur.